**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| G & G FREMONT, LLC, a Nevada limited liability company; CRAZY ELY WESTERN VILLAGE, LLC, a Nevada limited liability company, <br><br> Plaintiffs, <br> vs. <br><br> CITY OF LAS VEGAS, a Nevada municipal corporation; LICENSE OFFICER LON GRASMICK, in his personal and official capacity; LICENSE OFFICER LATANIA WEBB, in her personal and official capacity, <br><br> Defendants. | Case No.: 2:14-cv-00688-GMN-GWF <br><br> **ORDER** |

Pending before the Court is the Motion for Temporary Restraining Order (ECF No. 4) filed by Plaintiffs G & G Fremont, LLC and Crazy Ely Western Village, LLC ("Plaintiffs"). Having reviewed Plaintiffs' Motion, the Court finds that Plaintiffs have failed to establish that they are entitled to the requested relief.

Rule 65(b) authorizes a court to issue a temporary restraining order without notice. However, a court may grant a motion for temporary restraining order only if that motion includes "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Here, although Plaintiffs discuss each of the prongs of the *Winter* test articulated by the United States Supreme Court in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7,

20 (2008), Plaintiffs have failed to provide any basis from which the Court can conclude that the requested relief should be granted without notice to Defendants. In fact, any discussion of the requirements of Rule 65(b) is wholly absent from Plaintiffs' motion. Furthermore, Plaintiffs expressly acknowledge that any alleged harm will not occur until "on or about August 20, 2014." (Mot. for TRO 2:2–4, ECF No. 4.) Because the alleged injury will not occur until more than three months after the date of this Order, the Court sees no reason that Defendants cannot be afforded an opportunity to respond to the arguments in Plaintiffs' Motion. Therefore, the Court cannot issue the requested temporary restraining order. *See* Fed. R. Civ. P. 65(b).

Nevertheless, the Court will consider Plaintiffs' Motion for Preliminary Injunction (ECF No. 5) after the parties have completed the briefing in accordance with the briefing schedule set forth below.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Temporary Restraining Order (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall serve the Complaint (ECF No. 1) and their pending Motion for Preliminary Injunction (ECF No. 5) on all Defendants and file certification of said service on the docket by Monday, May 12, 2014. Defendants shall file a Response in opposition, if any, by Tuesday, May 27, 2014. Plaintiffs shall file their Reply, if any, by Tuesday, June 3, 2014.

**DATED** this __8__ day of May, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge