**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| G & G FREMONT, LLC, a Nevada limited liability company; CRAZY ELY WESTERN VILLAGE, LLC, a Nevada limited liability company,<br><br>                   Plaintiffs,<br>      vs.<br><br>CITY OF LAS VEGAS, a Nevada municipal corporation; LICENSE OFFICER LON GRASMICK, in his personal and official capacity, LICENSE OFFICER LATANIA WEBB, in her personal and official capacity,<br><br>                   Defendants. | Case No.: 2:14-cv-00688-GMN-GWF<br><br>**AMENDED ORDER** |

**NOTE:  This Amended Order amends the conclusory paragraph, and nothing else.**

Pending before the Court is the Motion for Preliminary Injunction (ECF No. 5) filed by Plaintiffs G & G Fremont, LLC and Crazy Ely Western Village, LLC ("Plaintiffs").  Defendant City of Las Vegas ("Defendant") filed a Response (ECF No. 12) and Plaintiffs filed a Reply (ECF No. 14).  Because the Court finds that Plaintiffs have failed to carry their burden of establishing the requisite irreparable harm, the Court DENIES Plaintiffs' Motion for Preliminary Injunction.

**I.     BACKGROUND**

This case was initiated by Plaintiffs, two souvenir and packaged liquor stores located along the Fremont Street Experience in the City of Las Vegas, in response to the passage of a series of municipal ordinances.  These ordinances provide a civil enforcement mechanism for violations of the Las Vegas Business License Code (the "Code").  The Plaintiffs' primary

objection relates to the portion of the ordinances that permit the City to choose between civil and criminal prosecution for violations of the Code.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions.  A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.

The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

"In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

"The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial.  The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (citing 11 C. Wright and A. Miller, *Federal Practice and Procedure, Civil*, § 2949 at 471 (1973)).

/ / /

### III. DISCUSSION

To carry their burden of establishing that they will likely suffer irreparable harm, Plaintiffs first assert that "'constitutional infringement will often alone constitute irreparable harm.'" (Mot. for Prelim. Inj. 20:21–22, ECF No. 5 (quoting *Monterey Mech. Co. v. Wilson*, 125 F.3d 702, 715 (9th Cir. 1997)). Thus, Plaintiffs appear to argue that the Court should presume irreparable harm and grant injunctive relief solely because Plaintiffs have alleged a constitutional violation.

*Winter* requires that the party seeking the injunction must show that irreparable harm is "likely in the absence of a preliminary injunction." *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013) (citing *Winter*, 555 U.S. at 22). For this reason, the Ninth Circuit has repeatedly held that district courts may not presume irreparable harm. *See Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 998 (9th Cir. 2011) ("We conclude that presuming irreparable harm in a copyright infringement case is inconsistent with, and disapproved by, the Supreme Court's opinions in *eBay* and *Winter*."); *Herb Reed Enters.*, 736 F.3d at 1250 (recognizing that courts cannot presume irreparable harm in trademark infringement actions and reversing a district court's injunction because the "court's analysis of irreparable harm [was] cursory and conclusory"). Based on the Ninth Circuit's unfavorable view of presumptions in irreparable harm analyses, the Court concludes that Plaintiffs' citation to one sentence, without further evidence or elaboration, which indicates that irreparable harm *may* often be established by the constitutional violation, is insufficient.

Similarly, Plaintiffs provide the conclusory statement that "regulations which would put a party out of lawful business under a state licensing scheme is irreparable harm for which an injunction should issue." (Mot. for Prelim. Inj. 20:21–21:2, ECF No. 5 (citing *Ottenheimer v. Real Estate Div. of Nev. Dep't of Commerce*, 535 P.2d 1284, 1285 (Nev. 1975)).) Without any supporting evidence of the impact on Plaintiffs' businesses, conclusory assertions such as this

are also insufficient.

Rather, the true harm that Plaintiffs have suffered is a $450 penalty. Further, Defendant asserts, and Plaintiffs do not dispute, that Plaintiffs may seek a refund of this penalty through the state court system. As such, Plaintiffs have failed to carry their burden of establishing that they will likely suffer irreparable harm in the absence of preliminary relief.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Preliminary Injunction (ECF No. 5) is **DENIED.**

**DATED** this 25th day of August, 2014.

**NUNC PRO TUNC DATE:** August 22, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge