# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| G & G FREMONT, LLC, a Nevada limited liability company; CRAZY ELY WESTERN VILLAGE, LLC, a Nevada limited liability company, <br><br> Plaintiffs, <br> vs. <br><br> CITY OF LAS VEGAS, a Nevada municipal corporation; LICENSE OFFICER LON GRASMICK, in his personal and official capacity; LICENSE OFFICER LATANIA WEBB, in her personal and official capacity, <br><br> Defendants. | Case No.: 2:14-cv-00688-GMN-GWF <br><br> **ORDER** |

Pending before the Court is the Motion for Summary Judgment (ECF No. 34) filed by Defendants City of Las Vegas ("City"), License Officer Lon Grasmick ("Grasmick"), and License Officer Latania Webb ("Webb") (collectively, "Defendants"). Plaintiffs G&G Freemont, LLC ("G&G") and Crazy Ely Western Village, LLC ("Western Village") (collectively, "Plaintiffs") filed a Response (ECF No. 39), and Defendants filed a Reply (ECF No. 40).

## I.    BACKGROUND

Plaintiff G&G is a limited-liability company organized and existing under the laws of the State of Nevada. (Compl. ¶ 8, ECF No. 1). Likewise, Plaintiff Western Village is a limited-liability company organized and existing under the laws of the State of Nevada. (*Id*. ¶ 10). Plaintiffs operate two souvenir and packaged liquor stores along the Fremont Street Experience in the City of Las Vegas, Nevada. (*Id*. ¶¶ 9, 11). Defendant City is a Nevada municipal

1  corporation. (*Id.* ¶ 12).  Defendants Grasmick and Webb are enforcement officers with the

2  Business License Division of the City of Las Vegas. (*Id.* ¶¶ 13–14).

3       On March 20, 2013, the City of Las Vegas passed Las Vegas Municipal Code

4  ("LVMC") 6.02.390–6.02.460 ("Civil Penalty Scheme"). Ord. No. 6242, § 1, 3-20-13.  The

5  Civil Penalty Scheme permits the City to treat a violation of any provision of Title 6 regarding

6  Las Vegas Business License Ordinances as a civil violation in the alternative to criminal

7  prosecution. LVMC 6.02.390.  Additionally, the Civil Penalty Scheme imposes minor

8  monetary civil penalties in a maximum amount of $500 per violation. LVMC 6.02.460.  The

9  civil penalties are imposed by an enforcement officer upon issuance of a "Notice of Violation"

10 to the alleged violator. LVMC 6.02.410.  The Civil Penalty Scheme permits a challenge to the

11 Notice of Violation through a verbal and informal hearing wherein an attorney that is licensed

12 to practice law in Nevada presides as a "hearing officer." LVMC 6.02.430.  Upon completion

13 of the hearing, the hearing officer then enters a written decision of whether or not to uphold the

14 Notice of Violation. *Id.*  The City Attorney may then petition the Las Vegas Municipal Court to

15 enter the civil judgment against a defendant in an amount equal to that stated in the written

16 decision of the hearing officer if the City Attorney finds such action to be necessary to enforce

17 the decision. *Id.*

18      On December 5, 2013, Defendant Webb issued a Notice of Violation to G&G for an

19 alleged infraction of the Business License Code ("G&G Notice). (*Id.* ¶ 34; Ex. A to the

20 Compl.).  Similarly, on January 24, 2014, Defendant Grasmick issued a Notice of Violation to

21 Western Village for an alleged infraction of the Business License Code ("Western Village

22 Notice"). (*Id.* ¶ 35; Ex. B to the Compl.).  Subsequently, the G&G Notice and the Western

23 Village Notice were adjudicated before a hearing officer on March 26, 2014, with a hearing

24 officer finding for the City. (*Id.* ¶ 36; Ex. C to Resp. to Mot. Prelim. Inj., ECF No. 12).

25 Accordingly, Plaintiffs' civil penalties under the Civil Penalty Scheme have been paid, penalty

proceedings have concluded, and Plaintiffs have not pursued further judicial review in the Nevada Courts. (Mot. Summ. J. 2:23–25; *see* Ex. C to Resp. to Mot. Prelim. Inj.).

Based on Plaintiffs' prior penalties, Plaintiffs bring a constitutional challenge to Defendant City's Civil Penalty Scheme.  Specifically, Plaintiffs assert nine (9) causes of action regarding the constitutionality of the enactment and enforcement of the Civil Penalty Scheme: (1) Violation of 5th and 14th Amendments: Void for Vagueness; (2) Violation of 5th and 14th Amendments: Denial of Procedural Due Process; (3) Violation of 5th and 14th Amendments: Denial of Substantive Due Process; (4) Violation of 14th Amendment: Denial of Equal Protection; (5) Violation of Civil Rights under 42 U.S.C. § 1983; (6) Violation of Civil Rights under 42 U.S.C. § 1983: Custom, Policy, and Practice; (7) Negligent Hiring, Retention, Supervision, and Training; (8) Declaratory Relief; (9) Preliminary and Permanent Injunction. (*Id.* ¶¶ 40–101).  In the instant Motion, Defendants request that the Court enter Summary Judgment in favor of Defendants as to all causes of action brought by Plaintiffs. (Mot. Summ. J. 3:4–6).

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A

principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go

beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.   DISCUSSION

In the Motion for Summary Judgment, Defendants argue that Plaintiffs have not established a viable claim against any of the Defendants in this matter. (*Id.* 3:4).  With the exception of Plaintiffs' ninth claim for relief regarding preliminary and permanent injunction, which is a remedy not a separate cause of action, the Court will address Plaintiffs' claims in turn.  Specifically, the Court will begin with Plaintiffs' first through third claims for relief that deal with the Civil Penalty Scheme's alleged violation of Plaintiffs' due process rights under the Fifth and Fourteenth Amendments.  The Court will then determine whether Defendants are entitled to Summary Judgement as to Plaintiffs' remaining claims for relief.

### A. Violation of 5th and 14th Amendments: Void for Vagueness

Beginning with the first claim for relief, Plaintiffs' argue the Civil Penalty Scheme violates Plaintiffs' Fifth and Fourteenth Amendment rights because it is void for vagueness. (Compl. ¶¶ 40–43).  A statute may be impermissibly vague in two ways: (1) if it "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits"; or (2) "if it 'encourages arbitrary and discriminatory enforcement.'" *Sacco v. City of Las Vegas*, No. 206-CV-0714-RCJ-LRL, 2007 WL 2429151, at *7 (D. Nev. Aug. 20, 2007) (quoting *Chicago v. Morales*, 527 U.S. 41, 56-57 (1999)).  Moreover, "where inherently vague statutory language permits such selective law enforcement, there is a denial of due process."

*Smith v. Goguen*, 415 U.S. 566, 576 (1974).  In accord, an ordinance that does not prohibit any conduct falls outside the scope of the void-for-vagueness doctrine. *See United States v. David H.*, 29 F.3d 489, 491 (9th Cir. 1994); *Porto v. City of Newport Beach*, No. SACV 11-0180-DOC MLG, 2011 WL 2470128, at *8 (C.D. Cal. May 20, 2011), *report and recommendation adopted*, No. SACV 11-00180-DOC, 2011 WL 2462555 (C.D. Cal. June 21, 2011), *aff'd*, 509 F. App'x 665 (9th Cir. 2013) (stating that an ordinance "plainly does not prohibit any conduct and therefore falls outside the purview of the void-for-vagueness doctrine.").

Here, the Civil Penalty Scheme at issue neither defines conduct nor allows for arbitrary and discriminatory enforcement.  The Scheme is a procedural ordinance that allows the City to treat a violation of any provision of Title 6 of the Las Vegas Code of Ordinances as a civil violation. *See* LVMC 6.02.390.  Additionally, the ordinances under Title 6 that prohibit conduct are the ordinances that also provide enforcement officers with direction as to when an officer will apply the Civil Penalty Scheme.  Because Plaintiffs do not challenge any statutes that prohibit or define conduct, the due process considerations that underlie Plaintiffs' void for vagueness challenge have no application in the context of the Civil Penalty Scheme. *See David H.*, 29 F.3d at 491.  Accordingly, the Court will grant Defendants' Motion for Summary Judgment in favor of Defendants as to Plaintiffs' first claim for relief.

### B. Violation of 5th and 14th Amendments: Denial of Procedural Due Process

The Court now turns to Plaintiffs' second claim for relief—denial of procedural due process in violation of the Fifth and Fourteenth Amendments. (*See* Compl. ¶ 45).  Plaintiffs claim the Civil Penalty Scheme violates the Defendants' rights to procedural due process by depriving the Defendants of their right to a fair hearing in the following ways: failure to provide any meaningful procedural rules governing the conduct of the hearing; deeming the Notice of Violation to be "prima facie proof" of an infraction shifting the burden of proof to the Defendants to prove their innocence; permitting the Notice of Violation to constitute "prima

facie proof" even when it contains errors or omission; failing to provide any opportunity for pre-hearing discovery; failing to provide any process by which witnesses' attendance may be compelled at the hearing; failing to require the attendance of the enforcement officer issuing the Notice of Violation; and failing to provide for judicial (or any) review of the hearing officer's decision. (*Id.*).

   "[C]onsideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action" *Cafeteria & Rest. Workers Union, Local 473, AFL-CIO v. McElroy*, 367 U.S. 886, 895 (1961). Here, the Court finds no controlling decision of the Supreme Court or of this Court which has defined the procedural route that must be followed in a case like this.  Therefore, the Court will evaluate the sufficiency of the procedures under the general guidelines from analogous cases and decisions of other courts.  In doing so, the Court analyzes whether the Civil Penalty Scheme provides sufficient due process by weighing three factors: "(1) [plaintiff's] private property interest; (2) the risk of an erroneous deprivation of such interest through the procedures used, as well as the probable value of any additional safeguards; and (3) the Government's interest in maintaining its procedures, including the burdens that would be imposed by additional procedural requirements." *Foss v. Nat'l Marine Fisheries Serv.*, 161 F.3d 584, 589 (9th Cir. 1998).  While the Court in *Foss* analyzed due process in the context of acquiring a federal individual fishing quota permit, the Court finds the three factors are appropriate in examining whether the Civil Penalty Scheme provides sufficient due process.

   Here, Plaintiffs' private property interest at stake consists of monetary fines as a result of ordinance violations processed under LVMC 6.02.390–6.02.460.  Contrary to Plaintiffs' argument, the Civil Penalty Scheme does not state at any point that the outcome of a hearing under the Scheme will be used to revoke a business license or land use entitlements. (*See* Resp.

3:16–19).  Further, it would be improper for the Court to recognize such adverse action by the City Council in a speculated future hearing. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (citations omitted) (stating that in order for judicial relief to be available, a plaintiff not only must demonstrate a "personal stake in the outcome," but also must prove that he "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical.").  Moreover, Plaintiffs do not provide any facts that illustrate a real and immediate threat of a hearing that would deny or impair Plaintiffs' business licenses based on previous Notices of Violation under the Civil Penalty Scheme.  The only evidence that potentially demonstrates a review and denial of a business license because of the Civil Penalty Scheme pertains to L'Chaim Western Village Properties, who is not a party to the current action. (*See* Ex. A to Resp., ECF No. 39).  Accordingly, the Court recognizes Plaintiffs' private property interest at stake under the Civil Penalty Scheme consists of monetary fines up to five-hundred dollars.

The Court now turns to the Plaintiffs' due process claims to analyze the risk of an erroneous deprivation of Plaintiffs' property interest through the Civil Penalty Scheme's procedures in place, as well as the probable value of any additional safeguards. *See Foss*, 161 F.3d at 589.  The Court will first address Plaintiffs' second claim for relief and discuss each of the arguments stated in Plaintiffs' Complaint in turn.

First, Plaintiffs argue the Civil Penalty Scheme unconstitutionally deems the Notice of Violation to be "prima facie proof" of an infraction, shifting the burden on the Defendants to prove innocence.  The relevant portion of the Civil Penalty Scheme provides the following description to the procedure of a hearing:

> Any hearing conducted pursuant to this Section shall be presided over by a Hearing Officer who shall be an attorney licensed to practice law in the State of Nevada. With respect to any such hearing, a properly filed Notice of Violation shall constitute a claim

of liability and a claim for relief and no other such claim shall be required. Prima facie proof of the violation alleged shall be established by the City providing the Hearing Officer with either a certified copy of the Notice of Violation or the data stored in a computer or other device as described in LVMC 6.02.400. No formal appearance by the City Attorney's Office is required. The hearings and dispositions of all such actions shall be informal, with the Hearing Officer receiving witness statements or testimony and other evidence for the sole purpose of dispensing fair and speedy justice between the parties. A defendant may pay the amount of the civil fine in lieu of appearing before the Hearing Officer.

LVMC 6.02.430(D).  Contrary to Plaintiffs' argument, the Civil Penalty Scheme does not create an unconstitutional mandatory presumption that illegally shifts the burden of proof to a defendant. (*See* Resp. 16–17).  At no point does the Civil Penalty Scheme presume that a defendant is in violation of an ordinance without any evidence evincing such claim.  Rather, every hearing under the Scheme requires a Notice of Violation issued under the penalty of perjury to serve as evidence against a defendant. *See* LVMC 6.02.400(D).  A defendant must subsequently provide witness statements, testimony, and other evidence to prove any defense raised by the defendant. LVMC 6.02.430(D–E).  Therefore, the Civil Penalty Scheme does not unconstitutionally deny Plaintiffs their right to procedural due process by deeming the Notice of Violation to be "prima facie proof" of an infraction.

Plaintiffs' next argument, that the Civil Penalty Scheme unconstitutionally permits the Notice of Violation to constitute "prima facie proof" even when it contains errors or omission, is equally without merit.  A hearing under the Civil Penalty Scheme simply requires a defendant to demonstrate substantial prejudice from an error or omission by a preponderance of the evidence. LVMC 6.02.400(B).  Upon a defendant's demonstration of such prejudice, a hearing officer would subsequently find that a violation did not occur or that the defendant should not be held liable. LVMC 6.02.430(F).  Further, in every citation filed by an enforcement officer, the Notice of Violation is issued under the penalty of perjury. *See* LVMC

6.02.400(D).  Such penalty adequately guards against the risk of an erroneous deprivation of Plaintiffs' property interest by ensuring every enforcement officer applies truthful and authentic citations.  Altogether, since Plaintiffs' can readily dispute errors and omissions in a Notice of Violation, paired with the fact that every Notice of Violation strongly guards against false and inaccurate citations, the Civil Penalty Scheme does not deprive Plaintiffs of procedural due process by allowing a Notice of Violation containing errors or omissions to constitute "prima facie proof" of a violation.

The Court now turns to Plaintiffs' argument that the Scheme unconstitutionally fails to provide any opportunity for pre-hearing discovery. (Compl. ¶ 45).  Many courts have held, "[t]here is no basic constitutional right to pretrial discovery in administrative proceedings." *Silverman v. Commodity Futures Trading Com'n* 549 F.2d 28, 33 (7th Cir. 1977) *accord Weinberg v. Commodity Futures Trading Com'n*, 699 F. Supp. 808, 813 (C.D. Cal. 1988) *affd.* 884 F.2d 1396 (9th Cir. 1989).  Here, the Civil Penalty Scheme provides Plaintiffs with ample opportunity to collect witness statements, testimony, and other evidence. LVMC 6.02.430(D–E).  Further, imposition of pretrial discovery would considerably undermine the Civil Penalty Scheme's purpose of "dispensing fair and speedy justice between the parties." LVMC 6.02.430(D).  Accordingly, the Court does not finds a risk of an erroneous deprivation of Plaintiffs' monetary interest through the discovery procedures currently in place.

Next, Plaintiffs argue the Civil Penalty Scheme unconstitutionally fails to provide any process by which witness attendance may be compelled at the hearing and unconstitutionally fails to require the attendance of the enforcement officer issuing the Notice of Violation. (Compl. ¶ 45). However, the lack of subpoena power available to a party in a hearing under the Civil Penalty Scheme does not indicate an unconstitutional process. *See Travers v. Jones*, 323 F.3d 1294, 1297 (11th Cir. 2003) (stating that, in the context of an administrative hearing regarding an employee disciplinary action, "a party has no right to subpoena witnesses to state

administrative hearings.") *accord Amundsen v. Chicago Park Dist.*, 218 F.3d 712, 717 (7th Cir. 2000) (stating "this court has held that in the administrative hearing context, the ability to subpoena witnesses is not an absolute right").  As stated above, the Civil Penalty Scheme grants Plaintiffs the ability to collect various forms of evidence to rebut any evidence brought against them.  Additionally, in regard to the presence of the enforcing officer, the Notice of Violation constitutes an officer's detailed explanation of the facts at the time of citation and declared under the penalty of perjury.  This sufficiently provides Plaintiffs, as well as any party in a hearing, with ample explanation as to the facts surrounding a citation.  Further, if the ordinance did compel the enforcing officer to later attend a hearing on the citation, it would greatly undermine the City's interest in "dispensing fair and speedy justice between the parties." LVMC 6.02.430(D).  Therefore, based on the various evidentiary options and procedural safeguards already available to Plaintiffs, along with the fact that the ability to subpoena witnesses is not an absolute right in informal hearings, the Court rejects Plaintiffs' claim that the alleged denial of their right to subpoena witnesses violates due process.  Additionally, the Civil Penalty Scheme does not unconstitutionally deprive Plaintiffs of due process by not requiring the attendance of the enforcement officer that issued the Notice of Violation.

Lastly, the Court turns to Plaintiffs' argument that the hearing unconstitutionally fails to provide for judicial review of the hearing officer's decision.  Under Nevada law, an extraordinary writ is the proper vehicle for seeking judicial review of the merits of a hearing officer's actions and decision under the Civil Penalty Scheme. *See Washington v. Clark Cty. Liquor & Gaming Licensing Bd.*, 100 Nev. 425 (1984) (stating "[w]hen a party seeks review in the district court of a ruling of an administrative agency not governed by the Administrative Procedure Act, however, an extraordinary writ, such as certiorari, is the proper vehicle for seeking judicial review of the merits of the agency's actions to determine whether the agency acted arbitrarily or capriciously.").  While the extraordinary writ is a discretionary mechanism

to review administrative decisions, there is nothing preventing any decision made by a hearing officer from being appealed and reviewed based on the merits of the case.

Ultimately, the risk of an erroneous deprivation of Plaintiffs' monetary interest through the Civil Penalty Scheme's current procedures is insignificant. The Scheme's current hearing procedures provide multiple methods for the Plaintiffs' to gather all necessary evidence to refute a Notice of Violation and argue their position. Further, the procedures currently in place fulfill the City's goal of "dispensing fair and speedy justice between the parties." LVMC 6.02.430(D). Additional procedural requirements would only impose significant and unnecessary burdens to the hearing process. *See Foss*, 161 F.3d at 589. Therefore, the Court finds that the Civil Penalty Scheme provides all the notice and process due. The Court grants Defendants' Motion for Summary Judgment in favor of Defendants as to Plaintiffs' second claim for relief.

### C. Violation of 5th and 14th Amendments: Denial of Substantive Due Process

The Court now turns to Plaintiffs' third claim for relief regarding the authority of the City of Las Vegas to enact the Civil Penalty Scheme under its Charter or Nevada law. Here, Plaintiffs' cite *Tucker v. Mayor and Bd. of Alderman*, 4 Nev. 20, 26 (1868) to show that "the City is a municipal corporation created by a special act of the Nevada Legislature, and its powers are limited to those expressly granted in its Charter." (Resp. 11:5–8). However, in regard to the delegation of police powers, the City may apply discretion in regulating such matters. *See generally Flick Theater, Inc. v. City of Las Vegas*, 104 Nev. 87, 90, 752 P.2d 235, 237 (1988) (stating that "[t]o the contrary, the intent of the state, as clearly manifested in the above statutes, is to vest in local government the authority to regulate [the use of buildings and structures, in order to promote the health and general welfare of the community] as they see fit.").

Here, the Nevada Legislature explicitly grants the City of Las Vegas authority to impose civil penalties in lieu of criminal sanctions. NRS 268.019.  Specifically, NRS 268.019 provides:

> 1.   Except as otherwise provided in subsection 2, the governing body of an incorporated city may by ordinance provide that the violation of a particular ordinance of such governing body imposes a civil liability to the city in an amount not to exceed $500 instead of a criminal sanction.
>
> 2.   The governing body of an incorporated city may by ordinance provide that a violation of an ordinance adopted by the governing body pursuant to NRS 268.4122 by the owner of commercial property imposes a civil liability to the city in an amount not to exceed $1,000 instead of a criminal sanction.

Further, the Las Vegas City Charter allows for the appointment of Hearing Commissioners in the following instances: "[a]ny action for a misdemeanor constituting a violation of chapter 484 of NRS, except NRS 484.379; and (b) [a]ny action for a misdemeanor constituting a violation of the Las Vegas Municipal Code, except chapter 11.14 of that Code." Las Vegas City Charter Section 4.040(1).  The Civil Penalty Scheme simply allows misdemeanor ordinance violations under Title 6 of the Las Vegas Municipal Code to be enforced as a civil penalty.  Additionally, contrary the Plaintiffs' argument, the Civil Penalty Scheme does not illegally usurp the Municipal Court System's jurisdiction over civil proceedings upon imposition of the civil penalty.  Instead, upon imposition of a hearing officer's decision under the Civil Penalty Scheme, the City Attorney may petition the Las Vegas Municipal Court for the entry of civil judgment against a party in an amount equal to that stated in the written decision of the Hearing officer. *Id.*  Once the City Attorney's petition for civil judgment is filed with the Municipal Court, an assigned Municipal Court Judge then "has discretion to grant or deny the relief prayed for therein." LVMC 6.02.430(I).

Therefore, the Civil Penalty Scheme merely utilizes the misdemeanor process to impose civil monetary penalties, and subsequently enters the civil penalty decision in the Las Vegas

Municipal Court when necessary.  Consequently, the Civil Penalty Scheme was not enacted in violation the Las Vegas City Charter or contrary to Nevada law.  As a result, the Court will grant Defendants' Motion for Summary Judgment in favor of Defendants as to Plaintiffs' third claim for relief.

Pursuant to the Court's analysis, the Civil Penalty Scheme does not violate Plaintiffs' constitutional rights.  Plaintiffs' fail to provide any evidence that the Civil Penalty Scheme deprives the Plaintiffs, or any persons, of their fundamental constitutional rights or that the Scheme was illegally enacted.

### D. Plaintiffs' Remaining Claims

The Court now addresses Plaintiffs' fourth claim for relief—violation of the Fourteenth Amendment: denial of equal protection.  Plaintiffs' allege the Civil Penalty Scheme violated the Plaintiffs' right to equal protection guaranteed by the Fourteenth Amendment because it "arbitrarily discriminates between those entitled to constitutional protections of a criminal proceeding, and those not entitled to the constitutional protections of a criminal proceeding." (Compl. ¶ 59).   Moreover, Plaintiffs' allege that those who go through the Civil Penalty Scheme are not entitled to constitutional protection.  However, this is not the case.  Rather, although the Civil Penalty Scheme includes some constitutional protections, it does not include the constitutional protections that are provided for criminal proceedings because it is not a criminal proceeding.  Therefore, the Court cannot find how the Civil Penalty Scheme's benefit of allowing a violator to be prosecuted civilly as opposed to criminally would thereby be a violation of the equal protection clause under the Fourteenth Amendment.  Accordingly, the Court will grant the Defendant's Motion for Summary Judgment as to Plaintiffs' fourth claim for relief.

The Court now turns to Plaintiffs' fifth claim for relief—violation of civil rights under 42 U.S.C. § 1983.  Plaintiffs' argue that, by issuing the Notices of Violation, Defendants Webb

and Grasmick deprived the Plaintiffs' of their constitutional rights. (*Id*. ¶ 68). Because the Court finds the Civil Penalty Scheme does not deprive an individual of any constitutional rights, Defendants Webb and Grasmick have not deprived the Plaintiffs' of their constitutional rights by issuing Notices of Violation under the Civil Penalty Scheme. Therefore, the Court grants the Defendants' Motion for Summary Judgment as to Plaintiffs' fifth claim for relief in favor of Defendants.

Next, the Court turns to Plaintiffs' sixth claim for relief—violation of civil rights under 42 U.S.C. § 1983: custom, policy, and practice. Plaintiffs' allege "[t]he Civil Penalty Scheme is a custom, policy, or practice exhibiting deliberate indifference to the constitutional rights of United States citizens, which, in turn, caused the violations of the Property Owners' rights as described herein." (Id. ¶ 75). Because the Civil Penalty Scheme does not violate the Plaintiffs' constitutional rights, the Court finds that the Civil Penalty Scheme is not a custom, policy, or practice exhibiting deliberate indifference to an individual's constitutional rights. Accordingly, the Court grants summary judgment in favor of Defendants as to Plaintiffs' sixth claim for relief.

Plaintiffs' seventh claim for relief alleges that the City breached its duty to exercise care in the hiring, training, and supervision of its business license enforcement officers by "(a) by negligently tolerating or ratifying the practice or policy of its business license enforcement officers in issuing unconstitutional and unlawful Notices of Violation under the Civil Penalty Scheme; and (b) failing to supervise and to adequately train business license enforcement officers." (Id. ¶ 86). However, as previously stated, the Notices of Violation under the Civil Penalty Scheme are neither unconstitutional nor unlawful. Therefore, the City has not breached any duty in hiring, training, and supervising business license enforcement officers, and the Court grants summary judgment in favor of Defendants' as to Plaintiffs' seventh claim for relief.

Lastly, the Court looks to Plaintiffs' eighth claim for relief—declaratory relief—requesting the Court's declaration that the Civil Penalty Scheme is unconstitutional and unenforceable.  However, the Court finds the Civil Penalty Scheme is constitutional and enforceable.  Accordingly, the Court grants summary judgment in favor of Defendants' as to Plaintiffs' eighth claim for relief.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 34) is **GRANTED**.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this ___1___ day of August, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge